L. R., MISS. RIVER & TEXAS R. R. CO. VS. CORCORAN.

1. NEGLIGENCE: *Burden of proof.*

When by contract a common carrier is exempted from liability for loss occurring by fire, the owner of goods lost by fire in the transit, must affirmatively prove that the loss was the result of the negligence of the carrier or his agents, before he can recover.

APPEAL from *Jefferson* Circuit Court.

HON. H. J. PINDALL Circuit Judge.

*L. A. Pindall,* for appellant:

The burden of proof was on plaintiff to show negligence, and the court erred in ruling that the burden was on defendant to show a want of negligence. *L. R., M. R. & T. R'y. v. Talbot,* 39 *Ark.;* and *Taylor & Co., v. L. R., M. R. & T. R. Co.,* 39 *Ark.*

There was no evidence to support the verdict.

ENGLISH, C. J.  James W. Corcoran brought this action in the Circuit Court of Jefferson County against the Little Rock, Mississippi River and Texas Railway Company for the value of goods, alleged in the complaint to have been received by the defendant, as a common carrier, at Arkansas City to be carried and be delivered to the plaintiff at Pine Bluff, under a bill of lading which exempted the defendant from liability for loss of, or damage to, the goods by fire, and which the complainant alleged were lost by the negligence of defendant,

The defendant answered that the goods were received, as stated in the complaint, on the warf boat R. E. Lee, at Arkansas City, which at the time was the receiving depot of defendant, at the terminus of its road on the Mississippi River, and that the same were burned by fire accidentally and without fault or neglect of defendant, on or about the 20th day of June, 1880, and so by virtue of the contract of shipment set out in plaintiff's complaint, it being the only contract of shipment made with plaintiff, the defendant became released from all liability for the goods.

On the trial it was proved that the goods were lost by the burning of the warfboat R. E. Lee, used by defendant as a depot, and the evidence conduced to show that the fire was accidental, and without fault or negligence on the part of defendant or its agents in charge of the boat.

Negligence: Burden of proof.    Defendant asked the court to instruct the jury that: "In this case the loss and damage by fire being excepted out of defendant's liability, if defendant proved the goods were lost by fire, the burden of proof is on the plaintiff to show that the loss was caused by negligence."

This instruction the court refused, and in instructions given for plaintiff, ruled, in effect, that the burden was on defendant to prove want of negligence.

The jury returned a verdict in favor of plaintiff for the value of the goods; defendant moved for a new trial, which was refused, and it took a bill of exceptions and appealed from the final judgment.

In *Little Rock, Mississippi River & Texas Railway Co. v. Talbot & Co.*, 39 *Ark*, 523, it was decided that when, by contract, a common carrier is exempted from liability for loss occurring by fire, the owner of the goods lost in transit by fire, must affirmatively prove that the loss was the result

Heer & Co., v. Atkinson, et al.

of the negligence of the carrier or his agents, before he can recover for it.

Reversed and remanded for a new trial.